# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

THOMAS VIRGIL MOODY and
VALERIE MICHELLE MOODY, as
the Surviving Parents of
VIRGIL STEPHEN MOODY,
Deceased,

    Plaintiffs,

v.

GREAT WEST CASUALTY CO.;
GEORGIA FREIGHTWAYS CORP.;
CMA-CGM (AMERICA), LLC;
SOUTH ATLANTIC CONSOLIDATED
CHASSIS POOL, LLC;
CONSOLIDATED CHASSIS
MANAGEMENT, LLC; INTERPOOL,
INC. d/b/a TRAC INTERMODAL;
DIRECT CHASSISLINK, INC.;
and DAVID J. GIBBONS;

    Defendants.

No. 4:16-CV-276

## ORDER

Before the Court is Plaintiffs Thomas Virgil Moody's and Valerie Michelle Moody's Motion for Remand and Attorney Fees, dkt. no. 5. Remand will be **GRANTED**; attorneys' fees, **DENIED**.

### BACKGROUND

In determining whether it has federal-question jurisdiction over this case, the Court looks only to "the face of the plaintiff's complaint." City of Huntsville v. City of Madison, 24 F.3d 169, 172 n.4 (11th Cir. 1994). On May 22,

2015, Plaintiffs brought a wrongful death suit in Georgia state court against Defendants Great West Casualty Co.; Georgia Freightways Corp.; CMA-CGM (America), LLC; South Atlantic Consolidated Chassis Pool, LLC; Consolidated Chassis Management, LLC; Interpool, Inc. d/b/a Trac Intermodal; Direct Chassislink, Inc.; and David J. Gibbons. See generally Dkt. Nos. 1, 1-1 at 14-30. The suit arises out of a highway wreck between the decedent Virgil Stephen Moody and a tractor-trailer. Dkt. No. 1-1 at 17.

The tractor-trailer was carrying a container being sent under a bill of lading issued by CMA-CGM (America), LLC ("CMA-CGM"). Id. at 25. CMA-CGM's agency liability and vicarious liability are alleged based on 46 U.S.C. § 40102(6)(A) ("Shipping Act"), 49 C.F.R. § 390.5 (Federal Motor Carrier Safety Regulations, hereinafter "FMCSR"), "principles of agency, [and] respondeat superior." Id. at 24-26. Specifically, Plaintiffs allege that CMA-CGM "is accountable for independent negligence because of its nondelegable duty in that [it] assumes responsibility . . . as an ocean common carrier by virtue of [the Shipping Act]" and "is vicariously liable" due to "statutory employment under [FMCSR]." Id. at 25-26.

On October 19, 2016, Defendants removed the case to this Court, claiming the existence of federal questions relating to

agency and vicarious liability under the Shipping Act and FMCSR. Dkt. No. 1 at 3; Dkt. No. 9 at 2-3. Plaintiffs moved for remand and attorneys' fees on October 25, 2016. Dkt. No. 5. The parties fully briefed the Motion. Dkt. Nos. 9, 11, 19, 27. The Motion is now ripe for disposition.

## LEGAL STANDARD

Civil actions in state court, "of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants." 28 U.S.C. § 1441. Upon the plaintiff's challenge to removal, the defendant "bears the burden of proving that federal jurisdiction exists." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

"[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This is partly out of "due respect for state sovereignty and the independence of state courts." McCaslin v. Blue Cross & Blue Shield of Ala., 779 F. Supp. 1312, 1314 (N.D. Ala. 1991). After all, "any state court is generally presumed competent to interpret and apply federal law . . . ." Walker v. Jefferson Cty. Bd. of Educ., 771 F.3d 748, 755 (11th Cir. 2014).

Removal is also construed narrowly because "the plaintiff [is] the master of the claim; he or she may avoid federal

jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

## DISCUSSION

This case will be remanded, but attorneys' fees will be denied.

## I. THE CASE IS REMANDED TO STATE COURT.

This case must be remanded to Georgia state court because it does not arise under federal law. Removal is only allowed "when plaintiff's claim could have been filed in federal court originally." Burns, 31 F.3d at 1095. Federal courts have original jurisdiction over cases "arising under" federal law. 28 U.S.C. § 1331. This case does not arise under federal law, because Plaintiffs do not raise a federal claim, and no substantial federal question is embedded in their state claim.

### A. Plaintiffs Have No Federal Claim.

Plaintiffs do not raise a federal claim. Their complaint's sole cause of action is a state claim: wrongful death. See Dkt. No. 1-1 at 14-30; Dkt. No. 11; City of Dallas v. Explorer Pipeline Co., No. 3:02-CV-1465, 2003 WL 193444, at *3 (N.D. Tex. Jan. 27, 2003) (finding no federal claim where no elements were identified in complaint, which lacked section setting forth separate claim).

Nevertheless, Defendants argue that Plaintiffs "are invoking a legal theory that would not exist or otherwise be

4

available to them but for . . . federal law." Dkt. No. 9 at 16. But there is a large difference between a federally based theory and a federal claim. Even when it is an element, "the mere presence of a federal issue in a state cause of action" does not make it into a federal one. Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813-14 (1986); see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 13 (1983)). For example, in Petigny v. Toledo, No. 6:12-CV-497, 2012 WL 3291765, at *1 (M.D. Fla. Aug. 13, 2012), the plaintiff brought a state wrongful-death claim (just like Plaintiffs here). She alleged that the defendant owed a non-delegable duty as a motor carrier under FMCSR (an allegation similar to Plaintiffs' here that CMA-CGM is vicariously liable because of statutory employment under FMCSR). Id. But the Petigny court did not so much as hint that the plaintiff was subtly raising a federal claim. See generally id.; see also Jairath v. Dyer, 154 F.3d 1280, 1281-82 (11th Cir. 1998) (finding that plaintiff "[did] not assert a cause of action created by federal law," even though federal statute allegedly "created the duty which served as the basis for [his] state law claim."). Nor are Plaintiffs masking a federal claim here.

Defendants rely on two cases, Schramm v. Foster, 341 F. Supp. 2d 536, 540 (D. Md. 2004) and Benefiel v. Exxon Corp.,

959 F.2d 805, 807 (9th Cir. 1992). In Schramm, 341 F. Supp. 2d at 540, the district court found that the plaintiffs had alleged a federal FMCSR claim. Here, though, the Court does not suggest that such a thing is impossible—only that Plaintiffs did not do it. In Benefiel, 959 F.2d at 807, the plaintiffs "den[ied] any intention to pursue a claim pursuant to [a federal statute]," but their complaint alleged that the statute imposed strict liability and defendants were liable "in accordance with the [statute's] provisions." Without further discussion, the Ninth Circuit held that the complaint set forth a federal claim. Id. The Benefiel opinion does not give any context as to the rest of the complaint. See generally id. Neither does the district court opinion. See generally Benefiel v. Exxon Corp., No. CV 90 2184, 1990 WL 180503 (C.D. Cal. July 27, 1990). Benefiel's very brief analysis simply is not enough to overcome Merrell Dow, Jairath, and Petigny. As "master of the claim[ ] [Plaintiffs had the right to] avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 482 U.S. at 392. At least as far as choosing their causes of action goes, they did. There is no federal-question jurisdiction here based on a federal claim.

AO 72A
(Rev. 8/82)

### B. No Substantial Federal Question Is Embedded in Plaintiffs' State Claim.

Thus, the Court must consider whether "a substantial, disputed question of federal law is a necessary element of [Plaintiffs'] state cause of action." Jairath, 154 F.3d at 1282. No such question lurks behind Plaintiffs' state claim. Four elements have to be met for a federal question embedded in a state claim to extend federal-question jurisdiction: A federal question must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013). At the very least, the third element is unmet here.

Substantiality does not depend on the importance of a question to the suit at hand, as every issue that is necessarily raised is surely important to the parties. Id. at 1066. Substantiality depends instead on "the importance of the issue to the federal system as a whole." Id. Analyzing this is no simple task. In fact, the U.S. Supreme Court recently compared relevant precedent to a work of Jackson Pollock. Id. at 1065. Still, four paint splotches—that is, types of systemically important cases—can be discerned from the cases, and three factors sketch out the law's remainder. They all show a lack of jurisdiction here.

7

This case does not share canvas space with any discrete area of law affording per se federal-question jurisdiction:

1. Cases involving challenges to the validity of a federal law. Coker v. DaimlerChrysler Corp., 220 F. Supp. 2d 1367, 1370 (N.D. Ga. Sept. 5, 2002);

2. Those impacting federal-government operations. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 315 (2005); Ormet Corp. v. Ohio Power Co., 98 F.3d 799 (4th Cir. 1996); Waitz v. Yoon, No. 1:14-CV-2875, 2015 WL 11511577, at *3 (N.D. Ga. June 30, 2015);

3. Those involving contracts incorporating federal law. Tamiami Partners, Ltd. by & through Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla., 63 F.3d 1030, 1047 (11th Cir. 1995); Shelley v. AmSouth Bank, No. Civ.A. 97-1170, 2000 WL 1121770, at *7 (S.D. Ala. July 24, 2000); and

4. Those requiring construal of federal criminal law. Ayres v. Gen. Motors Corp., 234 F.3d 514, 519 (11th Cir. 2000); but see Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1300-03 (11th Cir. 2008) (limiting Ayres).

Beyond these genres, a case can only be substantial given three factors: (1) whether the question "will control many other cases"; (2) the federal government's "interest in litigating in a federal forum"; and (3) the question of law's purity. MDS (Can.) Inc. v. Rad Source Techs., Inc., 720 F.3d

833, 842 (11th Cir. 2013); see also Bollea v. Clem, 937 F. Supp. 2d 1344, 1353 (M.D. Fla. 2013) ("Issues that will 'change the real-world result' for future cases . . . are substantial." (quoting Gunn, 133 S. Ct. at 1067)). The balance of these factors weighs against removal.

The result here will not bind many other cases. The showcase example of this comes from Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005). The federal question there was whether a federal agency gave enough notice to a citizen under federal law. Id. at 314-15. The state court's resolution could settle the question nationally "once and for all and [would] thereafter . . . govern numerous . . . cases." Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 700 (2006) (citation omitted) (discussing Grable & Sons Metal Prods., Inc.). Here, by contrast, even if the federal questions prove to be "novel," "another federal court will, at some point, have a chance to decide the issue." Bollea, 937 F. Supp. 2d at 1354; cf. Bonnafant v. Chico's FAS, Inc., 17 F. Supp. 3d 1196, 1202 (M.D. Fla. 2014) ("[T]he possibility of inconsistent judgments does not render the federal question substantial."). The first factor therefore weighs against removal.

AO 72A
(Rev. 8/82)

So does the next—the federal government's interest in litigating in a federal forum. Most importantly, "[t]his is a dispute between . . . private parties; no federal actor is involved." Bonnafant, 17 F. Supp. 3d at 1201. Nor has Congress shown any interest in having private parties litigate personal-injury and death disputes involving the Shipping Act and FMCSR in federal courts, as neither law contains a relevant private cause of action. Leon v. FedEx Ground Package Sys., Inc., No. CIV 13-1005, 2016 WL 836980, at *11 (D.N.M. Feb. 16, 2016);[1] MAVL Capital, Inc. v. Marine Transp. Logistics, Inc., 130 F. Supp. 3d 726, 730-31 (E.D.N.Y. 2015) (describing Shipping Act and its precedent). Besides, federal law has long honored states' interest in adjudicating tort actions. See, e.g., Farmer v. United Bhd. of Carpenters & Joiners of Am., Loc. 25, 430 U.S. 290, 303 (1977). The federal government's lack of interest in seeing cases like this one in federal courts further weighs against removal.

With these two factors weighing against removal and the Court being bound to remand any close cases, the third factor need not be considered. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This case will be remanded to Georgia state court.

---

[1] As far as the Court could determine, only one of many federal courts asking the question has found a private personal-injury cause of action in FMCSR. Marrier v. New Penn Motor Express, Inc., 140 F. Supp. 2d 326 (D. Vt. 2001). For the reasons in Leon, this Court disagrees with Marrier.

AO 72A
(Rev. 8/82)

## II. ATTORNEYS' FEES ARE DENIED.

The Court denies Plaintiffs' motion for attorneys' fees. It has the discretion to do so, and normally should "when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005); see also 28 U.S.C. § 1447. Here, the removal issue was "not so clear as to warrant an award." Mason v. Home Depot, No. 1:05-CV-0755, 2006 WL 6065792, at *3 (N.D. Ga. Jan. 5, 2006); accord Estate of Martin Luther King, Jr., Inc. v. King, No. 1:13-CV-3009, 2013 WL 12080301, at *3 (N.D. Ga. Sept. 30, 2013). Thus, attorneys' fees will be denied.

## CONCLUSION

For the reasons above, Plaintiffs' Motion for Remand and Attorney Fees, dkt. no. 5, is **GRANTED in part and DENIED in part**. The Clerk of Court is hereby directed to **REMAND** this case to the State Court of Chatham County.

**SO ORDERED**, this 9th day of January, 2017.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA